UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23350-ALTMAN

**LOUIS DELPIDIO**,

    *Plaintiffs*,

v.

**NICHOLAS FIORILLO**, *et al.*,

    *Defendants.*

_____/

## **ORDER**

One of our Defendants, Nicholas Fiorillo, wants to remove a state-court action to this Court under 28 U.S.C. §§ 1441, 1443, and 1446. *See* Notice of Removal [ECF No. 1] at 12 ("Public policy dictates under the First Amendment of the Constitution provides for removal of this action to this Court[.]" (errors in original)). But the state-court case Fiorillo wants to remove is from the Commonwealth of Massachusetts. *See id.* at 10 ("[Fiorillo] hereby removes the above-captioned action, and all claims and causes of action therein, from the Barnstable [County] Superior Court to the United States District Court for the Southern District of Florida."). Needless to say, Fiorillo cannot remove a state-court case from Massachusetts to a federal court in Florida. We therefore *sua sponte* **REMAND** this case to the Barnstable County Superior Court in the Commonwealth of Massachusetts.

## **THE LAW**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1995) (citations omitted). It is, in fact, the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "Removal jurisdiction can be considered a 'species' of subject matter

jurisdiction in that it defines a federal court's power to hear a particular kind of case—one that was originally brought in state court." *Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004).

"Because removal is only permissible when [the] plaintiff's claim could have been filed in federal court originally, we must look to [the] plaintiff's claim to determine whether removal was appropriate." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "A defendant may not generally remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) (emphasis in original) (quoting *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983)). "There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim." *Bank of N.Y. v. Angley*, 559 F. App'x 956, 957 (11th Cir. 2014); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim—which appears as part of the defendant's answer, not as a part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question."). "[A] district court can remand a removed case back to state court only if it determines that it lacks subject matter jurisdiction, or if a party moves to remand the case because of a defect in the removal process." *Ficus Villas Condo Assoc., Inc. v. Hardford Steam Boiler Inspection and Ins. Co.*, 832 F. App'x 695, 695 (11th Cir. 2020).

The Defendant is proceeding *pro se*. A "*pro se* [filing], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Still, while we treat *pro se* litigants with some leniency, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an

action." *Schwarz v. Ga. Composite Med. Bd.*, 2021 WL 4519893, at *2 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## ANALYSIS

Fiorillo says that he can remove this case from Massachusetts state court under 28 U.S.C. §§ 1441 and 1443 because the Plaintiff and the state-court judge (allegedly) violated his civil rights. *See* Notice of Removal at 1 (alleging "recent and numerous violations of Federal statutes, constituting a gross violation of [Fiorillo's] Constitutional civil rights"). But, even if these allegations were true, Fiorillo cannot remove this case into *our* Court. A defendant's "right to remove an action against it from state to federal court is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress." *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (cleaned up). Section 1441(a), which "governs venue in removed cases," *ibid.*, makes plain that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*," 28 U.S.C. § 1441(a) (emphasis added); *see also* 28 U.S.C. § 1443 ("Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant *to the district court of the United States for the district and division embracing the place wherein it is pending*[.]" (emphasis added)). Fiorillo, in short, can only remove this case to the federal court "embracing the place" where the state-court action is pending—*i.e.*, the U.S. District Court for the District of Massachusetts. *See, e.g.*, *Disanto v. Thomas*, 2016 WL 410030, at *4 (S.D. Ga. Feb. 2, 2016) (Baker, J.) ("The State child custody proceeding Thomas seeks to remove is currently pending in Lake County, Ohio. Accordingly, if Thomas wishes to remove that action to federal court, the geographical component of Section 1441(a) requires that he do so in the United States District Court for the Northern District of Ohio, Eastern

3

Division, just as Section 1443 does." (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (11th Cir. 1997))); *see also* 28 U.S.C. § 101 ("Massachusetts constitutes one judicial district.").

Although Fiorillo accepts that the District of Massachusetts "encompasses Barnstable County," he insists that "Article III, Section 2, Clause 1," of the U.S. Constitution gives us "jurisdiction over this matter[.]" Notice of Removal at 10. That's incorrect. The Constitution says nothing about removal jurisdiction and merely provides that a "federal district court lacks jurisdiction over the subject matter (1) if the cause does not 'arise under' the Federal Constitution, laws, or treaties (or fall within one of the other enumerated categories of Art. III); or (2) if it is not a 'case or controversy' within the meaning of that phrase in Art. III; or (3) if the cause is not one described by any jurisdictional statute." *Powell v. McCormack*, 395 U.S. 486, 512–13 (1969) (citing *Baker v. Carr*, 369 U.S. 186, 198 (1962)). As we've said, Congress decides how and when a state-court case may be removed into federal court. *See Glob. Satellite*, 378 F.3d at 1271 ("A defendant's right to remove an action against it from state to federal court '*is purely statutory* and therefore its scope and the terms of its availability *are entirely dependent on the will of Congress.*'" (emphases added) (quoting 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3721 (3d ed. 1998))); *Rembrant, Inc. v. Phillips Constr. Co., Inc.*, 500 F. Supp. 766, 768 (S.D. Ga. 1980) (Bowen, J.) ("The right of removal is purely statutory, and, as a congressionally imposed infringement on a state's power to determine controversies in their courts, removal statutes must be strictly construed." (cleaned up)). Since Congress has made clear that a state-court case can only be removed "to the district court of the United States for the district and division embracing the place where such action is pending," 28 U.S.C. § 1441(a), Fiorillo cannot remove this Massachusetts case to a Florida federal court.

But here's the thing: Even if we were the appropriate venue for this case, for two reasons, we'd still remove it back to state court. *First*, Fiorillo hasn't met his burden "regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313

4

n.1 (11th Cir. 2012). Fiorillo claims that his case involves "numerous violations of Federal statutes," Notice of Removal at 1, but those are *his* claims against the Plaintiff (and the state-court judge). And it's well-settled that removal "is only permissible when [the] *plaintiff's claim* could have been filed in federal court originally." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added); *see also Angley*, 559 F. App'x at 957 ("There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim."). Of course, we have no idea what the plaintiff's claims against Fiorillo and the other Defendants are because Fiorillo never tells us.[1] Since Fiorillo hasn't established that we have subject-matter jurisdiction over this case, we must remand it back to Massachusetts. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." (cleaned up)); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

*Second*, none of the other Defendants have consented to removal. Recall that there are two other Defendants besides Fiorillo: Ocean Vacations, LLC, and Gotspace Data Partners, LLC. *See* Notice of Removal at 1. Under the "unanimity rule," "all defendants [must] consent to and join a notice of removal in order for it to be effective." *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008); *see also* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed . . . all defendants who have been properly joined and served must join in or consent to the removal of the action."). Since Fiorillo is the *only* Defendant who signed the Notice of Removal, *see* Notice of Removal at 13, that

---

[1] This issue is compounded by the fact that Fiorillo has failed to file—as he was required to—"a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" along with his notice of removal. 28 U.S.C. § 1446(a). Without these essential state-court pleadings, we have no idea what the Plaintiff's claims are.

removal is defective.[2] And the failure to comply with the "unanimity rule" is itself grounds for remand. *See In re Bethesda Mem. Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997) ("The district court remanded the case to state court for failure of all defendants to timely join in or consent to a petition for removal . . . . The failure to join all defendants in the petition is a defect in the removal procedure.").

\*   \*   \*

Accordingly, we hereby **ORDER AND ADJUDGE** that this case is **REMANDED** to the Barnstable County Superior Court in the Commonwealth of Massachusetts. The Clerk of Court shall **CLOSE** this case. All hearings and deadlines are **TERMINATED**, and all other pending motions are **DENIED as MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on September 3, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Nicholas Fiorillo, *pro se*

---

[2] Fiorillo indicates that he "operates" the other Defendants (Ocean Vacations and Gotspace Data Partners). Notice of Removal at 4. But a *pro se* litigant like Fiorillo cannot legally act on behalf of other defendants—even if he exercises total control over them. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel. . . . The general rule applies even where the person seeking to represent the corporation is its president and major stockholder.").

6